UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MIGUEL A. MARTINEZ, ) <br> ) <br> Plaintiff(s), ) <br> ) <br> vs. ) <br> ) <br> LAS VEGAS METROPOLITAN POLICE ) <br> DEPARTMENT, et al., ) <br> ) <br> Defendant(s). ) <br>_____) | Case No. 2:15-cv-00883-MMD-NJK <br><br> ORDER |

Plaintiff Miguel Martinez is proceeding in this action *pro se* and has received authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis.* Docket No. 5. The Court must now screen his complaint pursuant to 28 U.S.C. § 1915(e)(2).

**I.    SCREENING THE COMPLAINT**

Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915(a), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). A

properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief.  Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions.  *Iqbal*, 556 U.S. at 679.  Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.*, at 678.  Secondly, where the claims in the complaint have not crossed the line from plausible to conceivable, the complaint should be dismissed.  *Twombly,* 550 U.S. at 570.  Allegations of a *pro se* complaint are held to less stringent standards than formal pleading drafted by lawyers.  *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

Plaintiff's Complaint attempts to state claims under 42 U.S.C. § 1983 against Defendants. *See, e.g.*, Docket No. 1-1 at 1 (providing that Plaintiff's complaint is brought "pursuant to 42 U.S.C. § 1983").  To state a claim under § 1983, a plaintiff must allege that a right secured by the Constitution has been violated, and the deprivation was committed by a person acting under color of law.  *See West v. Atkins*, 487 U.S. 42 (1988).

Plaintiff alleges that, on June 16, 2013, Defendant Michael Donovan responded to a report that Plaintiff was shooting people with "numerous BBs" using a gas-powered BB gun.  Docket No. 1-1 at 5. Plaintiff further alleges that Defendant Donovan ordered Plaintiff to stop, but Plaintiff tossed the gun away and fled.  *Id*.  Plaintiff alleges that Defendant Donovan then discharged his weapon, striking Plaintiff at least four times.  *Id*.

In Count I, Plaintiff alleges that various defendants used excessive force in violation of the Eighth and Fourteenth Amendments to the United States Constitution as well as unspecified provisions of the constitution of the State of Nevada.  *Id.* at 4.

"Where, as here, the excessive force claim arises in the context of an arrest . . . of a free citizen, it is most properly characterized as one invoking the protections of the Fourth Amendment, which guarantees citizens the right 'to be secure in their persons . . . against unreasonable . . . seizure.'"  *Graham v. Connor*,

490 U.S. 386, 394 (1989); *see also Smith v. City of Hemet*, 394 F.3d 689, 700 (9th Cir. 2005) (en banc) ("A Fourth Amendment claim of excessive force is analyzed under the framework outlined by the Supreme Court in *Graham*"). "The first inquiry in any § 1983 suit is to isolate the precise constitutional violation with which the defendant is charged[.]" *Graham*, 490 U.S. at 394 (internal quotations omitted).

In *Graham*, the Court made explicit that "all claims that law enforcement officers have used excessive force . . . should be analyzed under the Fourth Amendment[.]" *Id*. Plaintiff submits that the officers "used excessive force[,]" but alleges claims under the Eighth and Fourteenth Amendments. Docket No. 1-1 at 4. *Graham*, however, foreclosed on this line of reasoning. Further, Plaintiff alleges that Defendants' conduct violated unspecified portions of the "Nevada Constitution[.]" Docket No. 1-1 at 4. It is unclear to what rights he refers. Accordingly, Count I of Plaintiff's Complaint fails to state a claim for which relief may be granted.

Plaintiffs remaining counts fail to sufficiently allege that a right secured by the Constitution has been violated, asserting only the following allegations: "Assault [and] Battery . . . with Intent to Cause Substantial Bodily Harm or Death[,]" *Id*. at 7; "Conspiracy to Deprive Plaintiff of His Civil Rights[,]" *Id.* at 8; "Fabrication of False Evidence For Purpose of Concealing Wilful, Deliberate [and] Intentional Violations of Civil Rights And Violations of Federal [and] State [law,]" *Id.* at 9; "Intentional . . . Infliction of Physical and Emotional Distress[,] *Id*. at 10. None of these claims contains allegations that a specific right secured by the Constitution has been violated by a specific person acting under the color of law. Instead, Plaintiff provides only labels and conclusions, which fail to satisfy Rule 8. *See Iqbal*, 556 U.S. at 678.

Even liberally construing Plaintiff's Complaint, it is clear that Plaintiff fails to provide a short and plain statement of his claims showing that he is entitled to relief.

**IT IS ORDERED** that:

1. The Clerk of the Court shall file the Complaint.
2. The Complaint is **DISMISSED** with leave to amend.
3. Plaintiff will have until **May 26, 2016**, to file an Amended Complaint, if he believes he can correct the noted deficiencies. If Plaintiff chooses to amend the complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (*i.e*., his original Complaint) in

order to make the Amended Complaint complete. This is because, as a general rule, an Amended Complaint supersedes the original Complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Local Rule 15-1 requires that an Amended Complaint be complete in itself without reference to any prior pleading. Once a plaintiff files an Amended Complaint, the original Complaint no longer serves any function in the case. Therefore, in an Amended Complaint, as in an original Complaint, each claim and the involvement of each defendant must be sufficiently alleged. Failure to comply with this Order will result in the recommended dismissal of this case without prejudice.

Dated: April 26, 2016

_____
NANCY J. KOPPE
UNITED STATES MAGISTRATE JUDGE