1

2

3

4

5

6

7

8

9

10                          UNITED STATES DISTRICT COURT

11                               DISTRICT OF NEVADA

12   MIGUEL A. MARTINEZ,                    )
                                            )      Case No. 2:15-cv-00883-MMD-NJK
13                    Plaintiff(s),         )
                                            )
14   vs.                                    )      **O R D E R**
                                            )
15   LAS VEGAS METROPOLITAN POLICE          )
     DEPARTMENT, et al.,                    )
16                                          )
                      Defendant(s).         )
17   _____)

18         Plaintiff is proceeding in this action *pro se* and requested authority pursuant to 28 U.S.C.

19   § 1915 to proceed *in forma pauperis*.  Docket No. 1.  On May 14, 2015, the Court denied Plaintiff's

20   application without prejudice.  Docket No. 2.  On June 8, 2015, Plaintiff submitted a renewed

21   application, which the Court granted on June 12, 2015.  Docket Nos. 3, 5.  On April 26, 2016, the

22   Court screened Plaintiff's complaint pursuant to 28 U.S.C. § 1915, and dismissed the complaint with

23   leave to amend.  Docket No. 7.  The Court found that the complaint attempted to allege a claim for

24   excessive force under 42 U.S.C. § 1983, but failed to identify the appropriate constitutional

25   amendment to form the basis of this § 1983 claim.  *Id.* at 2-3.  The Court also found that some of

26   Plaintiff's claims failed to sufficiently allege that any right secured by the Constitution had been

27   violated by a specific person acting under the color of law.  *Id.* at 3.  The Court provided Plaintiff

28   an opportunity to cure those defects.  *Id.* at 3-4.

## I.   DISCUSSION

Plaintiff has now filed an amended complaint on the Court's form complaint for 42 U.S.C. § 1983 actions.  Docket No. 11.  Plaintiff alleges that, on May 15, 2013, Defendant Michael Donovan responded to a report that Plaintiff had discharged a BB gun at Defendant Christian Esterline.  *Id.* at 4.  Plaintiff further alleges that Defendant Donovan ordered Plaintiff to stop, but Plaintiff tossed the gun away and fled.  *Id.* at 5.  Plaintiff alleges that Defendant Donovan then shot Plaintiff multiple times.  *Id.*  Plaintiff also alleges that Defendants Donovan, Hancock, Esterline, doe police officers, and the Clark County sheriff conspired to conceal information about his arrest.  *Id.* at 4-5.  Plaintiff appears to insinuate that these defendants' actions undermined the validity of his arrest and subsequent criminal prosecution.  *Id.*

Count I of Plaintiff's amended complaint refers to excessive force and the Fourth Amendment.  *Id.* at 4-5.  The Court therefore construes Count I as attempting to allege a § 1983 claim for excessive force.  Further, because Plaintiff alleges that only Defendant Donovan physically harmed him during the arrest, the Court finds that Plaintiff is attempting to allege a Fourth Amendment claim solely against Defendant Donovan.  *See id.*

To state a claim under § 1983, a plaintiff must allege that a right secured by the Constitution or statutory law has been violated, and the deprivation was committed by a person acting under color of law.  *See Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006).  Additionally, allegations that law enforcement officers used excessive force in arresting a plaintiff may establish a violation of the Fourth Amendment, which may in turn form the basis of a § 1983 claim.  *See, e.g.*, *Gravelet-Blondin v. Shelton*, 728 F.3d 1086, 1090-91 (9th Cir. 2013).  The Court finds that Plaintiff has stated a claim upon which relief can be granted as to Defendant Donovan because Plaintiff alleges that Defendant Donovan acted under color of law as a police officer and shot Plaintiff multiple times during an arrest, in violation of the Fourth Amendment.  Docket No. 11 at 2, 5.

Count II of Plaintiff's amended complaint suffers from some of the same deficiencies that the Court identified in its initial screening order regarding Plaintiff's original complaint, and is

2

1  otherwise duplicative of Count I.  *See* Docket Nos. 1-1 at 7, 7 at 3, and 11 at 7.  Therefore, Count

2  II does not state any additional claim upon which relief can be granted.

3     Count III of Plaintiff's amended complaint alleges the same facts as Count I and refers to an

4  alleged conspiracy to deprive Plaintiff of his civil rights.  *See* Docket No. 11 at 4-6, 10-12.  Plaintiff

5  also refers to 42 U.S.C. §§ 1985 and 1986 elsewhere in his amended complaint.  *Id.* at 3.  The Court

6  therefore construes Count III as attempting to allege a §§ 1983 and 1985 claim for conspiracy to

7  violate Plaintiff's Fourth and Fourteenth Amendment rights, and a § 1986 claim for neglecting to

8  prevent violations of Plaintiff's civil rights, against all of the defendants in this action.  *See id.* at 3,

9  10-12.

10    The Court finds that Count III of Plaintiff's amended complaint does not state a claim upon

11  which relief can be granted.  *See, e.g.*, *Lacey v. Maricopa Cty.*, 693 F.3d 896, 935 (9th Cir. 2012)

12  (discussing civil conspiracy in the § 1983 context); *Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1141

13  (9th Cir. 2000) (discussing § 1985); *Trerice v. Pederson*, 769 F.2d 1398, 1403 (9th Cir. 1985)

14  (discussing relationship between § 1985 and § 1986 claims).

15    Additionally, Plaintiff identifies Defendant Esterline as a police informant.  Docket No. 11

16  at 5.  Thus, Defendant Esterline does not appear to be a state actor.  To the extent that Plaintiff

17  wishes to bring any § 1983 claims against Defendant Esterline, Plaintiff must show that there was

18  "significant state involvement" in Defendant Esterline's actions.  *Lopez v. Dep't of Health Servs.*,

19  939 F.2d 881, 883 (9th Cir. 1991).  Plaintiff has not made this showing.

20    Plaintiff also includes the Las Vegas Metropolitan Police Department ("LVMPD") as a

21  defendant in this action.  Docket No. 11 at 1.  The Ninth Circuit has held that, pursuant to Federal

22  Rule of Civil Procedure 17(b), state law determines the issue of whether a department of a

23  municipality may sue or be sued.  *See, e.g.*, *Streit v. Cty. of Los Angeles*, 236 F.3d 552, 565 (9th Cir.

24  2001).  The LVMPD is a department of the City of Las Vegas and, "[i]n the absence of statutory

25  authorization, a department of the municipal government may not, in the department name, sue or

26  be sued."  *Wayment v. Holmes*, 912 P.2d 816, 819 (Nev. 1996) (citing 64 C.J.S. Municipal

27

28                                                    3

1    Corporations § 2195 (1950)); *see Schneider v. Elko Cnty. Sheriff's Dep't*, 17 F. Supp. 2d 1162, 1665

2    (D. Nev. 1998); *see also Wallace v. City of North Las Vegas*, 2011 WL 2971241, at *1 (D. Nev.

3    2011) ("Plaintiffs have not identified any statutory authority that permits the Department to be sued,

4    and the court is unaware of any such authority"); *Cerros v. North Las Vegas Police Dep't*, 2008 WL

5    608641, at *9 (D. Nev. 2008) ("Nevada does not grant authorization of a police department to sue

6    or be sued"). Thus, Plaintiff has not demonstrated that the LVMPD is a proper defendant in this

7    action.[1]  The Court gives Plaintiff one final opportunity to correct the deficiencies in his complaint.

8    **II.    CONCLUSION**

9               Accordingly, **IT IS ORDERED** that:

10          1.      Plaintiff is granted leave to file a second amended complaint to cure the deficiencies

11                  noted above.  If Plaintiff chooses to file a second amended complaint, he is advised

12                  that an amended complaint supersedes (replaces) the original complaint and, thus, the

13                  second amended complaint must be complete in itself.  *See Hal Roach Studios, Inc.*

14                  *v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that

15                  "[t]he fact that a party was named in the original complaint is irrelevant; an amended

16                  pleading supersedes the original"); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896,

17                  928 (9th Cir. 2012) (holding that for claims dismissed with prejudice, a plaintiff is

18                  not required to reallege such claims in a subsequent amended complaint to preserve

19                  them for appeal).  Plaintiff's second amended complaint must contain all claims,

20                  defendants, and factual allegations that Plaintiff wishes to pursue in this lawsuit.

21          2.      If Plaintiff chooses to file a second amended complaint curing the deficiencies, as

22                  outlined in this order, Plaintiff shall file the second amended complaint no later than

23    _____

24          [1] To the extent that Plaintiff wishes to allege municipal liability against the City of Las Vegas

25    under § 1983, he must demonstrate the existence of "a policy statement, ordinance, regulation, or
      decision officially adopted and promulgated by that body's officers" or a "governmental 'custom'

26    even though such a custom has not received formal approval through the body's official
      decisionmaking channels" that resulted in a violation of his civil rights.  *Monell v. Dep't of Social*

27    *Serv. of City of N.Y.*, 436 U.S. 658, 690-91 (1978).  Plaintiff has not made this showing.

28                                                          4

**February 21, 2017**.  If Plaintiff chooses not to file a second amended complaint curing the stated deficiencies, the Court will recommend that this action proceed immediately on the Fourth Amendment claim against Defendant Donovan only.

3.      The Clerk of Court shall send to Plaintiff the approved form for filing a § 1983 complaint, instructions for the same, and a copy of his first amended complaint (Docket No. 11).  If Plaintiff chooses to file a second amended complaint, he must use the approved form and he shall write the words "Second Amended" above the words "Civil Rights Complaint" in the caption.

IT IS SO ORDERED.

DATED: January 20, 2017

_____
NANCY J. KOPPE
United States Magistrate Judge

5