**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MIGUEL A. MARTINEZ,<br><br>    Plaintiff,<br><br>vs.<br><br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT, et al.,<br><br>    Defendants. | Case No. 2:15-cv-00883-MMD-NJK<br><br>ORDER GRANTING MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT<br><br>(Docket No. 16) |

Pending before the Court is Plaintiff's motion for leave to file a second amended complaint. Docket No. 16. For the reasons discussed more fully below, Plaintiff's motion is **GRANTED**.

**I. STANDARD**

A magistrate judge has the authority to withdraw or amend reports and recommendations to address new arguments or evidence offered in objections or responses thereto. *Bank of Am., N.A. v. Log Cabin Ponderosa Homeowners Ass'n*, 2016 U.S. Dist. LEXIS 93938, at *2 (D. Nev. July 19, 2016) (citing *Frye v. San Quentin State Prison*, 2015 U.S. Dist. LEXIS 155477, at *12 (E.D. Cal. Nov. 17, 2015)).

. . . .

## II. FACTUAL BACKGROUND

Plaintiff is proceeding in this action *pro se* and *in forma pauperis*. Docket No. 5. On April 26, 2016, the Court screened Plaintiff's complaint and dismissed it with leave to amend. Docket No. 7. On June 27, 2016, Plaintiff filed an amended complaint. Docket No. 8. On January 20, 2017, the Court screened Plaintiff's amended complaint. Docket No. 12. The Court found that all of the counts in the amended complaint except Count I were deficient. *Id*. The Court granted Plaintiff leave to file a second amended complaint and ordered him to do so no later than February 21, 2017. *Id*. at 4. The Court found that Plaintiff stated a claim upon which relief can be granted for an alleged violation of his Fourth Amendment right against excessive force on the basis of a § 1983 claim. *Id.* at 2. The Court found that Plaintiff did not state a claim upon which relief can be granted as to his two other allegations. *Id.* at 3. The order granting Plaintiff leave to file a second amended complaint notified Plaintiff that if he chose not to file a second amended complaint by February 21, 2017, the Court would recommend to the District Judge that the action proceed on the Fourth Amendment claim against Defendant Officer Michael Donovan only. *Id.* at 5. On June 23, 2017, the Court issued a report and recommendation, recommending that this action proceed solely on the claim against Defendant Donovan. Docket No. 13.

Plaintiff filed his second amended complaint on July 21, 2017, five months past the deadline. Docket No. 16. Plaintiff submits that he was unable to meet the deadline because he had been in Administrative Segregation, and was "on medication; wasn't able to function enough to do the Complaint." *Id.* at 1. Although Plaintiff has not provided the dates during which he was placed in segregation, on medication and, therefore, unable to file his second amended complaint by the deadline, the Court construes the filings of *pro se* parties liberally. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010). In this one instance, therefore, the Court finds that good cause exists to withdraw its Report and Recommendation. Docket No. 13. The Court further **GRANTS** Plaintiff's motion for leave to file a second amended complaint. Docket No. 16.

. . . .

. . . .

. . . .

## III. CONCLUSION

Accordingly,

**IT IS ORDERED** that the Court's Report and Recommendation, Docket No. 13, is hereby **WITHDRAWN**.

**IT IS FURTHER ORDERED** that, for the reasons stated in the Court's prior screening order, Docket No. 12, the one count in Plaintiff's second amended complaint may proceed. The Clerk's Office is **INSTRUCTED** to file the second amended complaint, Docket No. 16-1, on the docket.

**IT IS FURTHER ORDERED** that the Clerk of Court **SHALL ISSUE** summons for Defendant Officer Michael Donovan **AND DELIVER THE SAME** to the United States Marshal for service. The Clerk **SHALL SEND** to Plaintiff one (1) USM-285 form. The Clerk also **SHALL SEND** a copy of the second amended complaint (Docket No. 16-1) and a copy of this order to the United States Marshal for service on Defendant. Plaintiff shall have thirty (30) days within which to furnish to the United States Marshal the required USM-285 form with relevant information as to the Defendant on the form. Within twenty (20) days after receiving from the United States Marshal a copy of the USM-285 form showing whether service has been accomplished, Plaintiff must file a notice with the Court identifying which Defendant(s) were served and which were not served, if any. If Plaintiff wishes to have service again attempted on an unserved Defendant, then a motion must be filed with the Court identifying the unserved Defendant and specifying a more detailed name and/or address for said Defendant, or whether some other manner of service should be attempted.

**IT IS FURTHER ORDERED** that, henceforth, Plaintiff shall serve upon Defendant or, if appearance has been entered by counsel, upon the attorney(s), a copy of every pleading, motion or other document submitted for consideration by the Court. Plaintiff shall include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed

. . . .

. . . .

. . . .

. . . .

to the Defendant or counsel for the Defendant. The Court may disregard any paper received by a district judge or magistrate judge which has not been filed with the clerk, and any paper received by a district judge, magistrate judge or the clerk which fails to include a certificate of service.

IT IS SO ORDERED.

DATED: October 13, 2017.

_____
NANCY J. KOPPE
United States Magistrate Judge